97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H. Paul SCHWITZGEBEL; James DeLong, Plaintiffs-Appellants,
v.
CITY OF STRONGSVILLE, a chartered Ohio municipal
corporation; Walter F. Ehrnfelt, individually and as Mayor
of Strongsville, Ohio, Ohio Republican Party, aka Republican
Party of Ohio, Defendants-Appellees.
 No. 95-4114.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 N.D.Ohio, No. 94-00757; Kathleen M. O'Malley, Judge.
 N.D.Ohio, 898 F.Supp. 1208.
 AFFIRMED.
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 These pro se Ohio litigants appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment and injunctive relief, H. Paul Schwitzgebel and James DeLong sued the City of Strongsville, Ohio (City), the Mayor of Strongsville (Walter Ehrnfelt), the Cuyahoga County Republican Central Committee (Central Committee), the Bush-Quayle '92 Committee, Inc. (Bush-Quayle Committee), and five Strongsville police officers (Lee Colegrove, David Tomcho, Todd Shaw, Pamela Stephan, and Robert Satterwaite) in their official and individual capacities. The plaintiffs claimed that the defendants prevented them from protesting at a rally where President Bush spoke, thus violating their First and Sixth Amendment rights. Plaintiffs also claimed that the defendants were liable for false arrest under Ohio law.
 
 
 3
 The district court granted the Central Committee's and the Bush-Quayle Committee's motions to dismiss filed pursuant to Fed.Rule Civ.P. 12(b)(6), and granted summary judgment to the remaining defendants. Plaintiffs appeal that judgment.
 
 
 4
 In their timely appeal, the plaintiffs essentially reassert the claims that they set forth in the district court, including their Sixth Amendment claim, which they had abandoned in the district court via their counsel. Because the plaintiffs voluntarily dismissed their Sixth Amendment claim in the district court, this court will not address this issue on appeal. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995).
 
 
 5
 To the extent the district court granted the Central Committee's and Bush-Quayle Committee's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this court reviews the district court's judgment de novo. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir.1995). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 6
 To the extent the district court granted summary judgment in favor of the remaining defendants, the standard of review is also de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 7
 Upon review, we conclude that the district court did not err.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's memorandum and order dated August 28, 1995.